## STONE *v.* CITY OF TROY.

*(Supreme Court, General Term, Third Department. May 21, 1891.)*

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS.

In an action against a city for personal injuries, it appeared that a gutter in defendant's street, cut in the natural rock, as originally constructed, was about 18 inches deep, and sloped gradually from the sides to the lowest point in the middle. The rock had broken out on one side, leaving a perpendicular wall about 8 inches high. The wheels on one side of plaintiff's wagon ran into the gutter at the steep place, throwing plaintiff out. *Held,* that a verdict for plaintiff would not be disturbed.

Appeal from circuit court, Rensselaer county.

Action by Charles Stone against the city of Troy. There was a judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Wm. J. Roche,* for appellant. *John P. Kelly,* for respondent.

LANDON, J. We reversed a judgment in favor of the plaintiff, upon the former appeal, because we thought the evidence was conclusive that the street gutter was in good condition. 4 N. Y. Supp. 528. Upon the second trial, which now comes before us, the evidence on the part of the plaintiff tended to show that the gutter was in fact defective, and had long been so. The gutter was on the south side of Middleburgh street, in the city of Troy, and across Eighth street, at its intersection with Middleburgh. It was a "basket" gutter, carved in the natural rock, and was for the passage of surface water. It was originally properly constructed, 8 feet wide on top, 18 inches deep, and gradually sloping down from the top on each side to the center line at the bottom. The testimony tended to show that the rock had so broken out on the south side as to form a perpendicular wall eight inches high, and that the plaintiff, while sitting in his wagon driving his team of horses down hill around the corner from Middleburgh into Eighth street, the intersection being on a hill-side, was thrown from his wagon and injured, because the wheel on the down-hill side sank in the depression next the solid wall, while the wheel on the opposite side mounted the elevation. The disputed questions of fact were for the jury, and we see no errors of law requiring a reversal. Judgment affirmed, with costs. All concur.